IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDULLI FEGHOUL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>President of the United States, )<br>*et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 06-CV-0618 (RWR) |

**RESPONDENTS' MOTION TO DISMISS PETITION FOR WANT OF JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Pursuant to the Court's April 14, 2006 Order (dkt. no. 2), respondents hereby submit the following motion in response to the above-captioned pro se petition, which was apparently mailed to the district court by an alien detained by the Department of Defense ("DoD") as an enemy combatant at the United States Naval Base in Guantanamo Bay, Cuba, who seeks to challenge the validity of his detention.

The Court should dismiss the petition for want of jurisdiction as compelled by the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (2005) ("the Act"), which withdraws the district court's jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought by or on behalf of aliens detained by DoD at Guantanamo Bay, and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants. In the alternative, pursuant to 28 U.S.C. § 1631, which permits a court to transfer a case to another forum to cure a want of jurisdiction "in the interest of justice," this Court should transfer the

above-captioned petition to the United States Court of Appeals for the District of Columbia Circuit, which is vested with exclusive jurisdiction to review the validity of petitioner's detention.

## BACKGROUND

On December 30, 2005, the Detainee Treatment Act of 2005 became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants; section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and section 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases. Id., § 1005(h).

On April 3, 2006, months after the Act became law, the above-captioned pro se petition was filed in the United States District Court for the District of Columbia. See Petition (dkt. no.

1). The petition was apparently mailed to the district court by petitioner Abdelli Feghoul, an Algerian detained at Guantanamo Bay who seeks to challenge the validity of the decision of the Combatant Status Review Tribunal ("CSRT") that confirmed that he is properly detained as an enemy combatant.

On April 14, 2006, the Court issued an Order pursuant to 28 U.S.C. § 2243, requiring respondents to respond to the petition "within 30 days of service of a copy of this Order and the accompanying Petition." Order dated April 14, 2006 (dkt. no. 2). Respondents were served with the Order and Petition on May 2, 2006 (dkt. no. 3).

## ARGUMENT

**I.     The Court Should Dismiss the Above-Captioned Action Because the Detainee Treatment Act of 2005 Divests The District Court of Jurisdiction to Hear or Consider the Petition.**

It is well-settled that a district court must dismiss an action where it concludes that it lacks subject-matter jurisdiction. Cf. FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Section 1005(e)(1) of the Act withdrew this Court's jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought by or on behalf of aliens detained at Guantanamo Bay. See Act, § 1005(e)(1) (amending 28 U.S.C. § 2241 to remove jurisdiction to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens). Pursuant to the Act, therefore, this Court lacks subject-matter jurisdiction to consider the petition in this case, which was apparently mailed to the Court by an alien detained at Guantanamo Bay seeking to challenge the validity of his detention. Although

the D.C. Circuit is presently considering the issue of whether the Act's withdrawal of the district court's jurisdiction applies to cases already pending at the time of the Act's enactment,[1] the petition in this case was filed on April 3, 2006, well after the Act became law. Consequently, the Court should dismiss this action for want of jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").[2]

---

[1] Oral argument before the D.C. Circuit was held on March 22, 2006. Furthermore, the Supreme Court heard oral argument regarding the effect of the Act in Hamdan v. Rumsfeld, 415 F.3d 33 (D.C. Cir. 2005), cert. granted, ___ U.S. __, 126 S. Ct. 622 (No. 05-184), on March 28, 2006, and is likely to issue a ruling no later than June 2006, the end of the current Supreme Court term.

[2] Respondents note that the above-captioned petition, although filed in the district court after the enactment of the Detainee Treatment Act of 2005, appears to have been mailed to the court by Mr. Feghoul in November 2005, prior to its enactment. See Petition at 2. Regardless of whether the date of filing of the petition is considered controlling for purposes of implementation of the Act, because the Act is, by its terms, applicable to pending cases, the Court should dismiss this petition even if consideration is afforded to the date on which petitioner purportedly mailed the petition to the court as opposed to when it was filed. See Act, §§ 1005(e)(1), 1005(h)(1) (eliminating the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, effective immediately without reservation for pending cases); id., §§ 1005(e)(2), 1005(h)(2) (establishing the exclusive review mechanism in the D.C. Circuit made expressly applicable to pending cases). Nevertheless, to the extent that the mailing date is given consideration with respect to the implementation of the Act, given that the issue of whether the Act's withdrawal of district court jurisdiction applies to cases pending at the time of the enactment of the Act is currently under consideration by the D.C. Circuit, a stay of all proceedings in this case is appropriate until the D.C. Circuit resolves this issue. Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id., § 1005(e)(2), it would be inappropriate for this Court to order relief in the interim that would be properly determined only by the Court of Appeals in the exercise of its exclusive jurisdiction to conduct such reviews and control any proceedings associated therewith. This would include, for example, the appointment of counsel, the entry of a protective order, the

**II.    In the Alternative, the Court Should Transfer this Petition to the United States Court of Appeals for the D.C. Circuit, Which Is Vested With Exclusive Jurisdiction to Hear and Consider Actions Seeking Review of the Validity of the Detention of Aliens Detained at Guantanamo Bay.**

As an alternative to dismissal of this action for want of jurisdiction, pursuant to 28 U.S.C. § 1631, this court "shall, if it is in the interest of justice, transfer" this case to a court of competent jurisdiction.[3] See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988) (Section 1631 "confers on [a federal court] authority to make a single decision upon

---

production of a factual return, and other relief designed to move the case forward in the face of the Act's commitment of exclusive jurisdiction in the Court of Appeals. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power.").

[3]   28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. This case was docketed as a petition for writ of habeas corpus and the petition is properly construed as seeking review of the validity of the CSRT's determination that petitioner Abdulli Feghoul is properly detained as an enemy combatant. Thus, this action should be considered a "petition for review of administrative action" that is subject to transfer pursuant to 28 U.S.C. § 1631. Cf. Berrum-Garcia v. Comfort, 390 F.3d 1158, 1162-63 (10th Cir. 2004) (transferring petition for writ of habeas corpus filed in district court by alien challenging INS removal order to court of appeals pursuant to 28 U.S.C. § 1631 because Congress provided for direct judicial review of such orders in the courts of appeals).

concluding that it lacks jurisdiction — whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court . . . that has jurisdiction.") (quoting 28 U.S.C. § 1631); Tootle v. Sec'y of the Navy, ___ F.3d ___, No. 04-5409, 2006 WL 1192865, at *5 (D.C. Cir. May 5, 2006) ("[U]nder § 1631, a district court must dismiss *or* transfer upon concluding that it lacks jurisdiction.") (emphasis in original).

As explained supra, the Act has withdrawn this Court's jurisdiction to hear the petition in this case, which was apparently mailed to the district court by an alien who seeks to challenge the validity of his detention as an enemy combatant at Guantanamo Bay. See Act, § 1005(e)(1). The petition would be appropriately filed in the United States Court of Appeals for the D.C. Circuit, which is vested with exclusive jurisdiction to consider such challenges. See id., § 1005(e)(2) (providing that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant").[4] It would be in the interest of justice for this Court to transfer the petition to the D.C. Circuit for review because the petition was apparently mailed to the district court by a foreign national detained at Guantanamo Bay, who is proceeding in this action pro se and may be unfamiliar with the jurisdictional requirements of the American courts. See American Beef

---

[4] Section 1005(e)(2)(C) sets forth the scope of the D.C. Circuit's review of CSRT determinations. It permits the Court to review "whether the status determination of the Combatant Status Review Tribunal with regard to such alien was consistent with the standards and procedures specific by the Secretary of Defense for Combatant Status Review Tribunals (including the requirement that the conclusion of the Tribunal be supported by a preponderance of the evidence and allowing a rebuttable presumption in favor of the Government's evidence)." Act, § 1005(e)(2)(C)(I). The Court may also review "whether the use of such standards and procedures to make the determination is consistent with the Constitution and laws of the United States," "to the extent the Constitution and laws of the United States are applicable." Id., § 1005(e)(2)(C)(ii).

Packers, Inc. v. I.C.C., 711 F.2d 388, 390 (D.C. Cir. 1983) (per curiam) (recognizing that "Congress contemplated that [28 U.S.C. § 1631] would aid litigants who were confused about the proper forum for review"). Thus, given that this Court lacks subject-matter jurisdiction over this action, in the alternative to dismissal of the petition, pursuant to 28 U.S.C. § 1631, the Court should transfer the petition to the D.C. Circuit for review under section 1005(e)(2) of the Act.

## CONCLUSION

For these reasons, the Court should dismiss the above-captioned petition for lack of subject-matter jurisdiction. In the alternative, the Court should transfer the petition to the United States Court of Appeals for the District of Columbia Circuit for review of the validity of the petitioner's detention at Guantanamo Bay as provided by the Detainee Treatment Act of 2005.

Dated: June 1, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Tel: (202) 514-2000

Attorneys for Respondents