IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLI FEGHOUL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-CV-0618 (RWR) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' RESPONSE TO MOTION OF THE WORLD ORGANIZATION
FOR HUMAN RIGHTS USA IN SUPPORT OF PRO SE PETITIONER FOR LEAVE
TO PARTICIPATE AS AMICUS CURIAE OR AS ASSIGNED COUNSEL,
AND FOR EXTENSION OF TIME FOR THE SUBMISSION**

Respondents hereby submit this response to the motion of the World Organization for Human Rights USA ("Human Rights USA") for leave to participate as amicus curiae or assigned counsel on behalf of petitioner Abdulli Feghoul, and for extension of time to submit a brief on his behalf (dkt. no. 8).

Respondents take no position on Human Rights USA's request for leave to participate as amicus curiae or assigned counsel on behalf of petitioner Feghoul, nor do respondents take a position on Human Rights USA's request for an extension of time to file a brief on his behalf. To the extent that Human Rights USA's brief raises objections to respondents' motion to dismiss Abdulli Feghoul's petition for writ of habeas corpus for want of jurisdiction or, in the alternative, to transfer the petition to the United States Court of Appeals for the District of Columbia Circuit (dkt. nos. 4, 5), however, respondents oppose the arguments raised in the submission, and request at a minimum that all proceedings in this case be stayed pending the resolution of related

Guantanamo detainee appeals by the D.C. Circuit, which will resolve the significant jurisdictional issues in this case and determine whether and how this case should proceed.

In their motion to dismiss or transfer the petition in this case, respondents argued that the Court should dismiss the petition for want of jurisdiction as compelled by the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (2005) ("the Act"), which withdraws the district court's jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought by or on behalf of aliens detained by DoD at Guantanamo Bay. See Act, § 1005(e)(1); Respondents' Motion to Dismiss or Transfer at 3-4. In the alternative, pursuant to 28 U.S.C. § 1631, which permits a court to transfer a case to another forum to cure a want of jurisdiction "in the interest of justice," respondents argued that this Court should transfer the petition to the United States Court of Appeals for the District of Columbia Circuit, in which the Act has vested exclusive jurisdiction to review the validity of petitioner's detention. See Act, § 1005(e)(2); Respondents' Motion to Dismiss or Transfer at 5-7.

Human Rights USA claims that the "habeas-stripping provisions" of the Act should not apply to this case based on the Supreme Court's recent decision in Hamdan v. Rumsfeld, 548 U.S. —, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006), which held that § 1005(e)(1) of the Act did not apply to habeas petitions pending prior to the enactment of the Act. According to Human Rights USA, because petitioner Feghoul mailed his petition prior to the passage of the Act (even though the petition was filed with the District Court after the passage of the Act), his petition for habeas corpus should proceed in District Court.[1] See Human Rights USA Brief at 2-

---

[1] Human Rights USA also argues that this petition should proceed in District Court because Mr. Feghoul should be considered a petitioner in another case filed prior to enactment of the Act that purportedly seeks mass habeas relief on behalf of all unidentified detainees at

7. Even in light of the Hamdan decision, however, if Mr. Feghoul's petition for habeas relief is considered to have been pending before the enactment of the Act, this Court cannot maintain jurisdiction over this action. While the Supreme Court in Hamdan held that § 1005(e)(1) did not apply to habeas petitions pending prior to the enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment. Although the petitioner in Hamdan escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3). We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit." Hamdan, 126 S. Ct. at 2769, n.14. The above-captioned case is such a case, i.e., challenging petitioner's designation as an enemy combatant through the Combatant Status Review Tribunal. Thus, even if the Court gives consideration to the date that Mr. Feghoul mailed his petition to the court as opposed to when it was filed, given the Act's investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over this case, for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of

---

Guantanamo Bay, John Does 1-570 v. Bush, No. 05-CV-0313 (CKK). See Human Rights USA Brief at 7-10. Respondents' motion to dismiss that petition as improper and for lack of jurisdiction remains pending before Judge Kollar-Kotelly, and respondents object to Human Rights USA's assertion that Mr. Feghoul filed a proper petition for habeas relief in that case for the reasons stated in respondents' motion to dismiss in that case. See Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus or, in the Alternative, to Stay Proceedings Pending Related Appeals in John Does 1-570 v. Bush, No. 05-CV-0313 (CKK) (dkt. nos. 10, 11).

jurisdiction, including habeas corpus.  Cf., e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition.").  See also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).  Further proceedings in this case would require an assertion of jurisdiction and authority in this case inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869)

("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Thus, the Supreme Court's decision in Hamdan has not resolved the issue of whether this Court may exercise jurisdiction over this case in light of the Act. The effect of the Act, including whether its creation of an exclusive review mechanism in the Court of Appeals violates the Suspension Clause, see Human Rights USA's Brief at 17-22, was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al Odah v. United States, No. 05-5064),[2] and on July 26, 2006, the Court of Appeals ordered additional briefing regarding the effect of the Hamdan decision on this issue.[3] Accordingly, at a minimum, a stay of proceedings in this case is appropriate pending the resolution of the effect of the Act by the Court of Appeals.

In addition, a stay of proceedings is appropriate for the separate and independent reason that the substantive issues in this Guantanamo detainee habeas case, including whether petitioner has rights under the U.S. Constitution, statutes or international law, and, if so, whether the Combatant Status Review Tribunals satisfy any such rights, as well as the type of proceedings to which petitioner may be entitled should this case proceed in District Court, remain under consideration by the Court of Appeals. These issues were briefed and argued before the Court of Appeals prior to enactment of the Detainee Treatment Act. Thus, Human Rights USA's claims that the Combatant Status Review Tribunal procedures violated Mr. Feghoul's constitutional due process rights, the Geneva Conventions, and the Uniform Code of Military Justice, see Human

---

[2] Oral argument before the D.C. Circuit was held on March 22, 2006.

[3] This additional supplemental briefing is scheduled to be completed by August 15, 2006.

Rights USA's Brief at 11-16, are issues that will be addressed by the Court of Appeals in the related Guantanamo detainee cases, and this Court should not proceed to address these claims at this time.[4]

For these reasons, all proceedings in this case should be stayed pending forthcoming guidance from the D.C. Circuit regarding the effect of the Detainee Treatment Act on the Guantanamo detainee habeas cases, as well as whether the Combatant Status Review Tribunals are consistent with any legal rights of detainees at Guantanamo Bay, both of which will determine whether and how this case should proceed in District Court.

Dated: August 4, 2006                    Respectfully submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General

                                         DOUGLAS N. LETTER
                                         Terrorism Litigation Counsel

                                         　　/s/ Preeya M. Noronha
                                         JOSEPH H. HUNT (D.C. Bar No. 431134)
                                         VINCENT M. GARVEY (D.C. Bar No. 127191)
                                         TERRY M. HENRY

---

[4] Human Rights USA's assertion that the Supreme Court's decision in Hamdan is directly applicable to the resolution of these issues, see Human Rights USA's Brief at 11, is incorrect. In Hamdan, the Supreme Court held that the military commission convened to try Salim Hamdan, a Yemeni national, for conspiring to violate the laws of war was not authorized by Article 21 of the Uniform Code of Military Justice ("UCMJ") and was inconsistent with Article 36(b) of the UCMJ and common Article 3 of the 1949 Geneva Conventions, which it held to be judicially enforceable only through Article 21. See Hamdan, 126 S. Ct. at 2769-99. The Hamdan decision, therefore, addressed Hamdan's claims in the specific context of criminal proceedings before military commissions, and is not directly applicable to the issue of whether the Combatant Status Review Tribunal properly determined that petitioner Feghoul is an enemy combatant subject to detention, which is the subject of the petition for habeas corpus in this action.

        JAMES J. SCHWARTZ
        PREEYA M. NORONHA
        ROBERT J. KATERBERG
        NICHOLAS J. PATTERSON
        ANDREW I. WARDEN
        EDWARD H. WHITE
        MARC A. PEREZ
        Attorneys
        United States Department of Justice
        Civil Division, Federal Programs Branch
        P.O. Box 883
        Washington, D.C. 20044
        Tel:  (202) 514-2000

        Attorneys for Respondents

**CERTIFICATE OF SERVICE**

      I hereby certify that, on August 4, 2006, I caused a copy of the foregoing to be served via U.S. Mail, First Class postage prepaid, on Guantanamo Bay Detainee ISN 292 at the following address:

      Camp Delta; Guantanamo Bay
      Washington, D.C. 20355


        /s/ Preeya M. Noronha
      PREEYA M. NORONHA
      United States Department of Justice
      Civil Division, Federal Programs Branch

      One of the Attorneys for Respondents