IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULLI FEGHOUL,**<br>Guantanamo Bay Naval Station,<br>Guantanamo Bay, Cuba<br>      Petitioner<br><br>V.<br><br>**GEORGE W. BUSH, et. al.**<br>      President of the United States<br>      The White House<br>      1600 Pennsylvania Avenue, N.W.<br>      Washington, D.C. 20500; | CIVIL ACTION<br>(HABEAS CORPUS)<br><br>No:   06-CV-00618 (RWR)<br><br>JUDGE RICHARD W. ROBERTS |

**PETITIONER'S MOTION TO COMPEL
PRODUCTION OF FACTUAL RETURNS AND
FOR ENTRY OF PROTECTIVE ORDERS**

Petitioner, through appointed counsel, hereby moves for the entry of the standard protective orders so that he may confer with counsel. Petitioner also requests that the Court compel Respondents to provide factual returns to the Petition for Habeas Corpus Relief. Respondents oppose this motion.

**Procedural History**

On November 29, 2006, Petitioner delivered to the authorities at Guantanamo for mailing to this Court his request for habeas corpus relief. This Petition was docketed by the Court on April 3, 2006. On April 14, 2006, this Court ordered Respondents to file a responsive pleading. On June 1, 2006, Respondents filed a Motion to Dismiss for Lack of Jurisdiction and a Motion to Transfer the Case to the United States Court of Appeals for the District of Columbia Circuit. On

July 21, 2006, the World Organization for Human Rights USA filed a Motion for Leave to Appear as Amicus Curiae or as Assigned Counsel, a Motion for Extension of Time for the Submission, and a Brief in response. On August 4, 2006, Respondents filed a Response. On August 7, 2006, undersigned counsel was appointed by the Court to represent Petitioner in these habeas proceedings. On August 8, 2006, counsel filed a notice of appearance and on August 9, 2006, Petitioner amended his Petition for Habeas Corpus.[1]

## Factual Returns

Petitioner is entitled to a hearing on his request for habeas corpus relief. In <u>Rasul v. Bush</u>, 542 U.S. 466 (2004), the United States Supreme Court held that this Court has "jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base." <u>Id.</u> at 484. Indeed, the Court noted that the allegations made by Petitioner in <u>Rasul</u>, which are similar to those being made by Petitioner, if proven, would "unquestionably describe 'custody in violation of the Constitution or laws or treaties of the United States.'" <u>Id.</u> at 483 (<u>quoting</u> 28 U.S.C. § 2241(c)(3)). Most importantly, for the purposes of this discussion, the Court directed the District Court to "consider in the first instance the merits of petitioners' claims." <u>Id.</u> at 485. It is axiomatic that counsel, appointed by the federal court and who have been properly cleared to the requisite security level, are entitled to know the basis for the Petitioner's detention in order to proceed in any fashion with this litigation. The factual returns are necessary in order for the Petitioner and his counsel to have notice of the allegations against him.

---

[1] In a separate motion filed this date, Petitioner has requested thirty days from the date of appointment (until September 6) to respond to the government's Motion to Dismiss and its Motion to Transfer the Case to the United States Court of Appeals for the District of Columbia Circuit.

Moreover, counsel must be permitted to confer with Petitioner in accordance with the procedures set up by this Court.  As Judge Bates of this Court has stated, "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information."  Al-Anazi v. Bush, 370 F.Supp. 2d 188, 200 (D.D.C. 2005).

Respondents have argued elsewhere and will no doubt argue here that the DTA strips the jurisdiction of all federal courts over petitions for habeas corpus relief filed by detainees at Guantanamo Bay.  The government has suggested that these petitions either should be dismissed or should be converted to appeals of the findings by the Combatant Status Review Tribunals ("CSRT's"):  "this Court should convert the appeals into petitions for review under section 105(e)(2) and exercise jurisdiction over these cases under that provision, which expressly applies to all pending cases (*see* § 1005(h)(2)), including these."  Al Odah v. Bush, 05-5064, 05-5095-5116 (D.C. Cir.) (Government's Supplemental Brief Addressing Section 1005 of the Detainee Treatment Act of 2005) at 2.  See also id. at 13-14 ("the questions of whether the detainees have Fifth Amendment rights, and, if so, whether the CSRT process comports with those rights, raise threshold questions that will apply to *all* of the more than 200 cases pending on behalf of more than 300 Guantanamo detainees challenging the validity of their detention, which will soon be before this Court under section 1005." (Emphasis in original)).  C.f. Hamdan v. Rumsfeld, 126 S.Ct. 2749, 2769 n.15 (2006) ("we conclude that § 1005(e)(1) [of the DTA] does not strip federal courts' jurisdiction over cases pending on the date of the DTA's enactment").

Even if the Court of Appeals were to ultimately accept the government's jurisdictional argument, counsel would still be entitled to the factual returns so that counsel could effectively represent petitioner on the appeal of the CSRT.  In countless previous pleadings, the government

has admitted that the factual returns have typically consisted of records of proceedings before the Combat Status Review Tribunals.  To deprive Petitioner of this primary information offends basic notions of due process and fundamental fairness.  Thus, whether Petitioner ultimately presents his case in the District Court or the Circuit Court, he is entitled to factual returns.  It would certainly be inefficient to litigate this very issue, once again, in the Circuit Court, without the guidance of the District Court, a court that is much better suited to deal with such matters of discovery.  Indeed, the present litigation and various court orders for factual returns have been staggered over time.  If the lower courts stay their orders regarding factual returns, there will simply come a time in the near future, once the Circuit Court rules, that all the factual returns will be ordered again.  The government will then say, as it has in the past, that it is overburdened and cannot comply in a timely fashion.  Now is the time, while many other issues pertaining to the rights, remedies and procedures for detainees held at Guantanamo Bay are stayed for the government to use its resources and provide these returns, which it inevitably must provide to Petitioner and his counsel.

   Finally, it is only through the mechanism of the court ordering the government to provide factual returns that the status of non enemy combatants has come to light.  Indeed, in <u>Qassim v. Bush</u>, 407 F.Supp. 198 (D.D.C. 2005), the government "knew about the CSRT determination [finding of non enemy combatant status] but advised nobody," not even the court.  <u>Id.</u> at 199.  Litigation revealed this fact – litigation that demonstrated the fundamental fairness of providing the factual returns to Petitioner's counsel.

## Protective Order

   This Court appointed counsel to represent Petitioner in his habeas litigation.  Petitioner is entitled to confer with counsel.  See <u>Al Odah v. United States</u>, 346 F.Supp. 2d. 1, 7 (D.D.C.

2004). Petitioner requests that the Court enter the standard protective orders in this case. (Attached as Exhibit 1.)

Once again, Respondents will no doubt argue that this Court lacks jurisdiction to enter these orders. This Court has specifically rejected the government's argument. Said v. Bush, Civ. No. 05-2384 (RWR) (D.D.C. May 23, 2006) at *10 ("Allowing Petitioners to meet with their lawyers, however, is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible exclusive jurisdiction."). Many other members of this Court have also repeatedly rejected the government's position. See e.g. Khan v. Bush, Civ. No. 05-1491 (JR) (D.D.C. Apr. 12, 2006); Awad v. Bush, Civ. No. 05-2379 (JR) (D.D.C. Apr. 11, 2006); Razakah v. Bush, Civ. No. 05-2370 (EGS) (D.D.C. Mar. 17, 2006); Al Salami v. Bush, Civ. No. 05-2452 (PLF) (D.D.C. Apr. 13, 2006); Al Shareef v. Bush, Civ. No. 05-2458 (RWR) (D.D.C. Apr. 12, 2006); Said v. Bush, Civ. No. 05-2384 (RWR) (D.D.C. Apr. 12, 2006); Alsaaei v. Bush, Civ. No. 05-2369 (RWR) (D.D.C. Apr. 12, 2006); Nasrullah v. Bush, Civ. No. 05-891 (RBW) (D.D.C. June 12, 2006). In each of these cases, the Court has entered the protective order in the face of the government's position that it lacks jurisdiction under the DTA.

WHEREFORE, for all of the foregoing reasons, Petitioner respectfully requests that this Honorable Court order Respondents to provide factual returns to his Petition for Habeas Corpus and that the Court enter the protective orders. A proposed order with regard to each request is attached.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated: August 10, 2006

Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry Henry
Ms. Preeya M. Noronha
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/Billy H. Nolas
Billy H. Nolas

Dated:  August 10, 2006