IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ABDULLI FEGHOUL,** | : | |
| Guantanamo Bay Naval Station, | : | |
| Guantanamo Bay, Cuba | : | CIVIL ACTION |
| Petitioner | : | (HABEAS CORPUS) |
| | : | |
| V. | : | |
| | : | No:   06-CV-00618 (RWR) |
| **GEORGE W. BUSH, et. al.** | : | |
| President of the United States | : | |
| The White House | : | JUDGE RICHARD W. ROBERTS |
| 1600 Pennsylvania Avenue, N.W. | : | |
| Washington, D.C. 20500; | : | |
| | : | |

**MOTION FOR EXPEDITED ENTRY OF
THE AMENDED PROTECTIVE ORDER**

Petitioner, through counsel, hereby moves for the expedited entry of the standard protective orders so that he may confer with counsel during an approved trip to Guantanamo scheduled for November 27-29, 2006. Petitioner avers the following:

1.  On November 29, 2005, Petitioner delivered to the authorities at Guantanamo for mailing to this Court his request for habeas corpus relief.

2.  On April 14, 2006, this Court ordered Respondents to file a responsive pleading.

3.  On June 1, 2006, Respondents filed a *Motion to Dismiss for Lack of Jurisdiction* and a *Motion to Transfer the Case to the United States Court of Appeals for the District of Columbia Circuit*.

4.  On July 21, 2006, the World Organization for Human Rights USA filed a *Motion for Leave to Appear as Amicus Curiae or as Assigned Counsel*, a *Motion for Extension of Time for the Submission*, and a *Brief in Response.*

5. On August 4, 2006, Respondents filed a *Response*.

6. On August 8, 2006, counsel filed a notice of appearance and on August 9, 2006, Petitioner amended his *Petition for Habeas Corpus*.

7. On August 10, 2006, Petitioner filed a *Motion to Compel Production of Factual Returns and For Entry of Protective Orders*.

8. On August 24, 2006, Respondents filed their Response to the *Motion to Compel Production of Factual Returns and For Entry of Protective Orders*.

9. On September 6, 2006, Petitioner filed his *Response to the Government's Motion to Dismiss his Writ of Habeas Corpus for Lack of Jurisdiction.*

10. The Court has yet to enter the protective orders.

11. On October 17, 2006, President Bush signed into law the Military Commissions Act of 2006, Pub. L. No. 109-366 (MCA). There are provisions of the MCA that purport to wrest jurisdiction over the *Petition for Habeas Corpus* filed with this Court. Such provisions that seek to preclude judicial review through habeas raise substantial constitutional questions that need not be addressed by this Court.

12. In their *Response*, Respondents requested a stay of all proceedings, arguing that this Court lacks jurisdiction to enter the Protective Order that would enable designated counsel for Petitioner to meet with him for the first time at the base in Guantanamo Bay. This Court has issued no Stay of the proceedings.

13. The passage of the MCA makes no appreciable change in the questions that will, in any event, be addressed by the Court of Appeals for the District of Columbia Circuit regarding

access to counsel and the entry of the Protective Orders to safeguard information.[1]

14. Undersigned counsel Nolan and Charpentier are properly security cleared and have been approved for a visit to the Base to meet with clients from November 27-November 29, 2006. Counsel have secured the services of a security cleared translator to meet with clients. The translator is approved for Uzbek translation services and is also fluent in French. He can therefore provide translation services for Petitioner.

15. Without the established Protective Order in place, counsel cannot meet with Petitioner. Thus, Court and counsel are faced with the unsavory and unnecessary situation wherein Petitioner, who filed a *pro se Petition* according to the rules set forth by the Government nearly one year ago has yet to meet with a lawyer.

16. Petitioner requests that the Court act in an expedited manner first, for the obvious reasons of economy –a trip is already in place and the services of a translator already secured. Secondly, regardless of the decisions that will flow from the contested litigation in the Al-Odah/Boumediene cases, Petitioner is entitled to have access to counsel. Presently, that access is controlled in accordance with the terms of the Amended Protective Order and its procedures for the handling of information and documents. For these reasons, counsel seek an expedited entry of the Protective Order in this case by the Court.

17. Indeed, following the enactment of the DTA, this Court specifically rejected the

---

[1] As the Court is likely aware, the DC Circuit Court of Appeals has ordered supplemental briefing on the application of the MCA to the pending cases of Al-Odah, 05-5064, and Boumediene, 05-5062. The Court has set November 1, 2006 as the date by which Petitioner's brief will be filed; November 13, 2006 for Respondents brief and November 20, 2006 for Petitioner's Reply. It is axiomatic that Petitioners are proceeding with the assistance of counsel in those case before the DC Circuit Court of Appeals. In addition, on October 18, 2006 (post-MCA), Respondents complied with a September 18, 2006 Order of Judge Paul Friedman and provided the ordered factual returns to counsel.

government's argument in Said v. Bush that management of the litigation a this level, the level of access to counsel, is beyond the scope of the Court's work. Said v. Bush, Civ. No. 05-2384 (RWR) (D.D.C. May 23, 2006) at *10("Allowing Petitioners to meet with their lawyers, however, is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible exclusive jurisdiction."). Many other members of this Court have also repeatedly rejected the government's position. See e.g. Khan v. Bush, Civ. No. 05-1491 (JR) (D.D.C. Apr. 12, 2006); Awad v. Bush, Civ. No. 05-2379 (JR) (D.D.C. Apr. 11, 2006); Razakah v. Bush, Civ. No. 05-2370 (EGS) (D.D.C. Mar. 17, 2006); Al Salami v. Bush, Civ. No. 05-2452 (PLF) (D.D.C. Apr. 13, 2006); Al Shareef v. Bush, Civ. No. 05-2458 (RWR) (D.D.C. Apr. 12, 2006); Said v. Bush, Civ. No. 05-2384 (RWR) (D.D.C. Apr. 12, 2006); Alsaaei v. Bush, Civ. No. 05-2369 (RWR) (D.D.C. Apr. 12, 2006); Nasrullah v. Bush, Civ. No. 05-891 (RBW) (D.D.C. June 12, 2006). In each of these cases, the Court has entered the protective order in the face of the government's position that it lacks jurisdiction under the DTA. Now, with the same argument propelled by the enactment of the MCA, Petitioner requests that this Court enter the protective order is an expeditious manner.

WHEREFORE, Petitioner requests that this Court enter the Amended Protective Orders in the above captioned case expeditiously so that counsel may meet with Petitioner during their visit to Guantanamo, a visit scheduled and approved by the Government for the sole purpose of meeting with clients.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated:   October 24, 2006

Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry Henry
Ms. Preeya M. Noronha
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/Billy H. Nolas
Billy H. Nolas


Dated: October 24, 2006