**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
ABDULLI FEGHOUL,               )
                               )
          Petitioner,          )
                               )
     v.                        )     Civil Action No. 06-618 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
          Respondents.         )
_____)
```

**MEMORANDUM ORDER**

Petitioner Feghoul is a detainee in United States custody at Guantanamo Bay Naval Base who filed *pro se* a petition for habeas corpus relief by depositing the *pro se* petition with his captors for filing in mid-November 2005. Now represented by a federal public defender, Feghoul has filed an amended petition, which seeks, among other things, an order restraining respondents from delivering, returning, or rendering him to a country where there is a foreseeable and imminent risk that he would be subjected to torture. In addition, Feghoul has filed motions seeking the entry of a protective order and an order compelling respondents to submit a factual return. Respondents oppose the relief requested, arguing lack of jurisdiction. They have also moved to dismiss or transfer this case for want of jurisdiction. In the alternative, respondents seek a stay of all proceedings pending resolution of the appeals in Khalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed sub nom.

-2-

<u>Boumediene v. Bush et al.</u>, Nos. 05-5062, 05-5063 (D.C. Cir.
March 3, 2005) and <u>In re Guantanamo Detainee Cases</u>, 355 F.
Supp. 2d 443 (D.D.C. 2005), <u>appeals docketed</u>, Nos. 05-5064 <u>et al.</u>
(D.C. Cir. March 7, 2005).[1]

Feghoul's motions for a protective order and an order
directing respondents to file a factual return will be granted.
Respondents do not dispute petitioner's right to notice of the
factual basis for his detention or to be represented by counsel
to challenge the legality of his detention.  Rather, respondents
dispute this court's jurisdiction to entertain this petitioner's
habeas corpus petition.  Whether this court or another has
jurisdiction to determine the legality of petitioner's detention,
and what the exact nature and scope of the proceedings before the
court with jurisdiction should be, are legal questions that have
not yet been resolved by the D.C. Circuit and will not be
resolved here.  Despite the lack of finality regarding the issues
on appeal, however, it is hardly sensible to withhold or
frustrate something that no one doubts is petitioner's right -- a

---

[1] Disputed matters on appeal before the District of
Columbia Circuit include the effect on district court
jurisdiction over cases such as this one filed before
December 30, 2005 of the Detainee Treatment Act ("DTA") enacted
on December 30, 2005 (which purported to strip district courts of
jurisdiction over Guantanamo detainee cases); the decision in
<u>Hamdan v. Rumsfeld</u>, 126 S. Ct. 2749 (2006) (holding in part that
the DTA did not govern cases filed before its enactment); and the
Military Commission Act of 2006 (which purported to strip
district courts of jurisdiction over all Guantanamo detainee
cases).

-3-

meaningful communication with counsel regarding the factual basis
of petitioner's detention.  "Allowing petitioners to meet with
their lawyers . . . is not the type of interim relief that even
remotely risks infringing on the Court of Appeals' possible
jurisdiction."  Said v. Bush, Civil Action No. 05-2384 (RWR)
(AK), slip. op. at 10 (D.D.C. May 23, 2006)(Kay, M.J.).

　　　Feghoul's request for an order enjoining respondents from
rendering him to another country will be denied.  However, in
light of respondents' reasonable request for a stay, an order
staying proceedings but requiring respondents to provide thirty
days' advance notice of any planned transfer of Feghoul to
another location will be entered.  A primary purpose of a stay
pending resolution of issues on appeal is to preserve the status
quo among the parties.  Washington Area Metro. Transit Comm'n v.
Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay
pending appeal is preventative or protective, and seeks to
maintain the status quo pending a final determination of issues
on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S.
1301, 1310 (1974) (granting stay pending appeal to maintain the
status quo between the parties).  A court may, in appropriate
situations, specify protective conditions in balancing the
hardship necessarily imposed on the party whose suit or execution
of judgment has been stayed pending appeal.  Cooks v. Fowler, 459
F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition

-4-

of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int'l Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal).  Where, as here, the conditions imposed on the proponent of the stay are "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion.  Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation")).

Therefore, here

the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions."  Landis v. North American Co., 299 U.S. 248, 256 (1936).  Coextensive with a district court's inherent power to stay proceedings is the power to craft a stay that balances the hardships to the

-5-

parties. Id. at 255 (noting concern regarding a stay
causing "even a fair possibility . . . [of] damage to
some one else."); see also Clinton v. Jones, 520 U.S.
681, 707 (1997) (noting that "burdens [to the parties]
are appropriate matters for the District Court to
evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (RMU), slip op. at 2

(D.D.C. Mar. 31, 2005) (Urbina, J.).

CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that Feghoul's motions for orders entering a

protective order and directing respondents to file a factual

return [#14, 23] be, and hereby are, GRANTED.  A protective order

will be entered by separate order.  Respondents are directed to

file and make available to counsel a factual return relating to

Feghoul by close of business November 20, 2006.  It is further

ORDERED that respondents' request [#9] to stay proceedings

be and hereby is, GRANTED in part and DENIED in part.  Other than

what is ordered in the previous paragraph, the proceedings in

this case are STAYED pending resolution of the appeals pending

before the United States Court of Appeals for the District of

Columbia Circuit in In re Guantanamo Detainee Cases and

Boumediene v. Bush et al., except that Feghoul may seek emergency

relief from this court in appropriate circumstances, such as when

he has reason to believe that he is facing the possibility of

continued detention at the request of the United States in a

-6-

location that does not provide access to this court.  It is
further

ORDERED that Feghoul's request for an order restraining
respondents from transferring him to a country where there is a
foreseeable and imminent risk that he will be tortured be, and
hereby is, DENIED.  It is further

ORDERED that respondents, their agents, servants, employees,
confederates, and any persons acting in concert or participation
with them, or having actual or implicit knowledge of this Order
by personal service or otherwise, shall provide this court and
Feghoul's counsel with thirty days' advance written notice of any
transfer or removal of Feghoul from United States custody at
Guantanamo Bay.

SIGNED this 31st day of October, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge