IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDELLI MUHAMMAD FEGHOUL, )
)
)
Petitioner, )
)
v. ) Civil Action No. 06-0618 (RWR)
)
GEORGE W. BUSH, et al., )
)
Respondents. )
)

## DECLARATION OF DAVID N. COOPER

Pursuant to 28 U.S.C. § 1746, I, Lieutenant Colonel David N. Cooper, Judge Advocate, Judge Advocate General's Corps Reserve, United States Air Force, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am a Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Abdelli Muhammad Feghoul that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 1 November 2006

DAVID N. COOPER, Lt Col, USAFR
Staff Judge Advocate
DOD, HQ OARDEC
Washington, DC



# Department of Defense
### Director, Combatant Status Review Tribunals

OARDEC/Ser: 857

29 JAN 2005

~~FOR OFFICIAL USE ONLY~~

From: Director, Combatant Status Review Tribunal

Subj: REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 292

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN # 292 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

~~FOR OFFICIAL USE ONLY~~

UNCLASSIFIED

22 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 292

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
     (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal # 29 of 7 January 2005
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process. He originally indicated that he would attend and participated in the Tribunal process. However, on the morning of the Tribunal hearing, the detainee refused to attend and affirmatively declined to participate in the Tribunal process.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b). Exhibit D-a of the Record of Proceedings indicates that the original Personal Representative transferred off-island. Since the second Personal Representative explained the CSRT procedure to the detainee, completed the Detainee Election Form, attended the Tribunal hearing, and reviewed the Record of Proceedings, the Personal Representative substitution had no affect on the proceedings and in no way prejudiced the detainee. (See exhibit D-a and enclosure (5) to the Record of Proceedings).

   d. The detainee requested one witness, Mesut Sen (detainee #296). The detainee proffered that the witness could testify that the detainee had stayed at an Algerian guesthouse and not at the Darunta Training Camp. Further, the witness would testify that the detainee did not receive any weapons training. The Tribunal President determined that this witness was reasonably available. But when the Personal Representative met with Mesut Sen, the witness refused to respond. The Tribunal Decision Report notes that this refusal to respond was treated as a refusal to testify. While no final determination was made that the witness was not reasonably available, the refusal to testify effectively made the witness not reasonably available. No corrective action is required.

UNCLASSIFIED

UNCLASSIFIED

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 292

The detainee did not request any other witnesses or evidence.

e. The Tribunal's decision that detainee # 292 is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal as reflected in enclosure (2) are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

BREE. A. ERMENTROUT
CDR, JAGC, USNR



Department of Defense
Director, Combatant Status Review Tribunals

7 Jan 05

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #29

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

**MEMBERS:**

███████████████████, Colonel, U.S. Army; President

███████████████████, Commander, U.S. Navy; Member (JAG)

███████████████████, Major, U.S. Air Force; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

14 January 2005

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander ICO ISN 292

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ▮▮▮▮▮.

CHARLES E. JAMISON
CAPT, USN

~~SECRET//NOFORN//X1~~

**(U) Combatant Status Review Tribunal Decision Report Cover Sheet**

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL: __#29__

(U) ISN#: __292__

Ref:  (a) Convening Order for Tribunal #28 of 7 January 2005 (U)
      (b) CSRT Implementation Directive of 29 July 2004 (U)
      (c) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) Unclassified Summary of Basis for Tribunal Decision (U/~~FOUO~~)
      (2) Classified Summary of Basis for Tribunal Decision (S//NF)
      (3) Copies of Documentary Evidence Presented (S//NF)
      (4) Personal Representative's Record Review (U)

(U) This Tribunal was convened on 8 January 2005 by references (a) and (b) to make a determination as to whether the Detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

(U) The Tribunal has determined that Detainee #292 is properly designated as an enemy combatant as defined in reference (c).

(U) In particular, the Tribunal finds that this detainee is a member of or affiliated with al Qaida and the Taliban, as more fully discussed in the enclosures.

(U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



COL, U.S. Army
Tribunal President

UNCLASSIFIED/~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: #29
ISN #: 292

## 1. Introduction

As the Combatant Status Review Tribunal Decision Report indicates, the Tribunal has determined that this Detainee is properly classified as an enemy combatant and was part of or affiliated with al Qaida and Taliban forces. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder indicated that the Detainee is associated with the Taliban or al-Qaida. The Detainee traveled from Germany to Afghanistan in 2001. The Detainee attended the Darunta Training Camp for 18 days in April 2001. The Darunta Training Camp was a training camp that supported the Anti-Coalition Militia during the Afghan War. While at the Darunta Training Camp, the Detainee learned how to assemble, disassemble, and fire the AK-47 rifle. The Detainee stayed in Jalalabad, Afghanistan. The Detainee was captured in the Tora Bora region.

The Detainee initially indicated that he would attend and participate in the Tribunal. However, on the morning of the Tribunal, the Detainee refused to leave his cell. The Tribunal confirmed that the Detainee was expressly afforded the opportunity to attend, and affirmatively declined. His refusal is reflected on the Detainee Election Form (Exhibit D-a). The Detainee requested one witness. However, that witness refused to participate. The Detainee requested no other evidence be produced or provided to the Tribunal.

The Tribunal President's witness ruling is explained below.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a and R-1 through R-13.

    b. Testimony of the following persons: none.

UNCLASSIFIED/~~FOUO~~

ISN #292
Enclosure (1)
Page 1 of 3

UNCLASSIFIED//~~FOUO~~

    c. Testimony of the Detainee: none.

**4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses**

The Detainee requested the following witness be produced for the hearing:

| Witness | President's Decision | Testified? |
|---|---|---|
| Mesut Sen | reasonably available | no* |

* The Detainee proffered that the witness could testify that he stayed at an Algerian guesthouse and that he was not at the Darunta Training Camp and did not receive any weapons training. As such, it appeared that the witness' testimony could be relevant to the Detainee's case. However, when the Personal Representative met with this witness, the witness refused to respond. This lack of communication was, necessarily, accepted as a refusal on the part of the witness to testify for the Detainee.

The Detainee requested no additional evidence be produced.

**5. Discussion of Unclassified Evidence**

The Recorder offered Exhibit R-1 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Accordingly, the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

**6. Consultations with the CSRT Legal Advisor**

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

**7. Conclusions of the Tribunal**

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee chose not to participate in the Tribunal proceeding. No evidence was produced that caused the Tribunal to question whether the detainee was mentally and

UNCLASSIFIED/~~FOUO~~

physically capable of participating in the proceeding, had he wanted to do so. Accordingly, no medical or mental health evaluation was requested or deemed necessary.

 b. As indicated in Exhibit D-a, the detainee made a conscious decision not to attend his Tribunal. Accordingly, the Tribunal finds the Detainee made a knowing, intelligent and voluntary decision not to participate in the Tribunal process.

 c. The detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida and the Taliban.

## 8. Dissenting Tribunal Member's Report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,



COL, U.S. Army
Tribunal President

UNCLASSIFIED//~~FOUO~~

# DETAINEE ELECTION FORM

Date: 3 Dec 04
Start Time: 0930
End Time: 1130

ISN#: 292

Personal Representative: LCDR ███████, LT COL -- TRANSFERRED FROM UPON HIS DEPARTURE

Translator Required? YES    Language? FRENCH

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

Initially, the Detainee elected to participate in his tribunal and requested PR read each piece of evidence one at a time so detainee can respond to each. He also indicated that he saw no need to take an oath and elected not to do so.

However, according to the Joint Detention Operations Group (JDOG) just prior to the start of his tribunal the Detainee refused to come out of his cell and therefore elected not to participate.

Detainee requested 1 in-camp witness Mesut Sen, ISN 296. This witness could have testified that the detainee stayed at an Algerian guesthouse, that he was not at the Darunta Training Camp, and that he did not receive any weapons training. However, Mesut refused to acknowledge the PR during the witness interview and therefore is assumed to decline to participate in the tribunal. The Detainee was informed of this during a follow up meeting.

Personal Representative

UNCLASSIFIED//~~FOUO~~                                   Exhibit D-a

UNCLASSIFIED

**Combatant Status Review Board**

TO: Personal Representative

FROM: OIC, CSRT (30 November 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – FEGHOUL, Abdulli

1. Under the provisions of the *Secretary of the Navy Memorandum*, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is associated with the Taliban or al-Qaida.

   A. The detainee is associated with the Taliban or al-Qaida.

      1. The detainee traveled from Germany to Afghanistan in 2001.

      2. The detainee attended the Darunta Training Camp for 18 days in April 2001.

      3. The Darunta Training Camp was a training camp that supported the Anti-Coalition Militia during the Afghan War.

      4. While at the Darunta Training Camp, the detainee learned how to assemble, disassemble, and fire the AK-47 rifle.

      5. The detainee stayed in Jalalabad, Afghanistan.

      6. The detainee was captured in the Tora Bora region.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

R1

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on __11__ January 2005, I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #292.

 ███ I have no comments.

 ___ My comments are attached.



███████, LT Col, USAF      11 Jan 05
Name                                      Date

ISN #292
Enclosure (5)

UNCLASSIFIED//~~FOUO~~